IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISSAC DAWSON,

    Plaintiff,                    No. CIV S-12-1134 DAD P

    vs.

ARTUERO REYES,

    Defendant.                 ORDER

_____/

        Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. Plaintiff previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See Doc. No. 3.)

**SCREENING REQUIREMENT**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.
8   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
9   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
11  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
12  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must
13  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
14  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
15  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
16  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
17  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
18  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
19  The Civil Rights Act under which this action was filed provides as follows:
20  Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the
21  deprivation of any rights, privileges, or immunities secured by the
    Constitution . . . shall be liable to the party injured in an action at
22  law, suit in equity, or other proper proceeding for redress.
23  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
24  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
25  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
26  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

2

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

Plaintiff has named his criminal defense attorney, Artuero Reyes, as the sole defendant in this action. In his brief complaint, plaintiff alleges that Attorney Reyes is refusing to file a motion to dismiss pending criminal charges on his behalf based upon the insufficiency of the evidence. In this regard, plaintiff alleges that there are no finger prints or D.N.A. evidence implicating him in the commission of the crime for which he is presently charged. Plaintiff also alleges that the victim of the alleged crime has failed to identify him in a line-up. Finally, plaintiff alleges that his criminal defense attorney has shown deliberate indifference to plaintiff's unspecified medical needs. In the "Relief" section of the form complaint, asking plaintiff to state briefly what he wants the court to do for him, plaintiff has requested the award of monetary damages. (Compl. at 4-5.)

**ANALYSIS**

Under 42 U.S.C. § 1983, plaintiff has a right to be free from violations of constitutional guarantees by those acting under color of state law. Van Ort v. Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). However, plaintiff is advised that public defenders and private defense attorneys such as Attorney Reyes are not "state actors" for purposes of § 1983. See Polk County

1  v. Dodson, 454 U.S. 312, 325 (1981); Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc); Briley v. State of California, 564 F.2d 849, 855 (9th Cir. 1977).  Accordingly, the court concludes that plaintiff's complaint must be dismissed for failure to state a cognizable claim.[1]  See 28 U.S.C. 1915(e)(2)(B)(ii) ("the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted"); Neitzke, 490 U.S. at 327-28 (in forma pauperis statute accords judges the authority to dismiss those claims whose factual contentions are clearly baseless, such as those "describing fantastic or delusional scenarios"); see also Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile.").

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 5) is denied; and

2. This action is dismissed for failure to state a claim on which relief may be granted.

DATED: July 3, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
daws1134.56

---

[1] Plaintiff is also advised that federal courts are barred from directly interfering with ongoing state court criminal proceedings, absent extraordinary circumstances.  See Younger v. Harris, 401 U.S. 37, 46 (1971); Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1985) ("When a state criminal prosecution has begun the Younger rule directly bars a declaratory judgment action" as well as a § 1983 action for damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings.").  Here, plaintiff has not alleged extraordinary circumstances.  Younger, 401 U.S. at 48-50.  Of course, plaintiff may raise his constitutional claims in any ongoing criminal proceedings in state court.  Lebbos v. Judges of the Superior Court, 883 F.2d 810, 813 (9th Cir. 1989) ("Abstention is appropriate based on 'interest of comity and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'").